UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60852-LEIBOWITZ/AUGUSTIN-BIRCH

**JRB ENTERPRISE GROUP, INC.**,

    *Plaintiff*,

v.

**KASH ADVANCE, LLC**,

    *Defendant*.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgement as to Kash Advance, LLC (the "Motion") [ECF No. 11], filed on June 5, 2025.

Upon review of the Motion, the Court notes that it is deficient in several respects. First, the Motion does not incorporate a sufficient memorandum of law to support the entry of default judgment. Local Rule 7.1(a)(1) requires that every motion, subject to certain exceptions, incorporate a memorandum of law citing supporting authorities for the relief requested. *See* S.D. Fla. L.R. 7.1(a)(1); *see also Belony v. Amtrust Bank*, No. 09-82335-CIV, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011) (finding that a defendant's "failure to cite *any* authority … [made] it difficult for the Court to rule in [the defendant's] favor" and that the "deficient memorandum of law [was] itself a basis to deny [the] motion"). Here, while the Motion cites to Rule 55(b) of Federal Rules of Civil Procedure and limited supporting authority, Plaintiff does not sufficiently argue why default is appropriate under the circumstances. [*See generally* ECF No. 11]; *see Valle v. AA & K Restoration Grp., LLC*, No. 19-cv-20873, 2019 WL 13192198, at *1 (S.D. Fla. Oct. 23, 2019) (denying without prejudice unopposed motion for entry of default judgment, in part, because plaintiffs' motion did not include a discussion as to why

default judgment is appropriate and did not include argument establishing plaintiffs' entitlement to default judgment).

Although Local Rule 7.1(a)(1) states that an "application for default" and "motion for judgment upon default" do not require a supporting legal memorandum, the Court is unable to enter default judgment where a party has not meaningfully discussed why the requested relief is warranted. *See St. Michael Press Publ'g Co. v. One Unknown Wreck Believed To Be The Archangel Michael*, No. 12-80596-Civ, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying motion for default judgment, in part, because the motion failed to include a legal memorandum, recognizing that "[t]he entry of default judgment is not automatic, and the Court must satisfy itself as to its authority to enter a final [default] judgment against an absent defendant"). Therefore, there is nothing upon which the Court can rely for justification as to why default judgment is appropriate here.

Second, "a proper motion for default judgment should state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the … complaint how the well-pleaded facts in the … complaint establish each element." *Valle*, 2019 WL 13192198, at *2 (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 12-cv-1486, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013)). Here, the Motion does not set forth the elements of the claims and does not demonstrate with pinpoint citations whether the allegations in the complaint support entry of default judgment.

Third, Plaintiff did not file a proposed order laying out the legal standards that apply to a judgment on all counts and providing analysis and authority demonstrating the relief requested by Plaintiff is permissible.

Therefore, Plaintiff shall have the opportunity to file a Renewed Motion for Final Default Judgment as to Kash Advance, LLC that corrects the deficiencies stated in this Order. Plaintiff shall

also file a well-supported proposed order, containing a discussion of the applicable law and facts admitted by virtue of Defendant Kash Advance, LLC's default and proposed default judgment.

Being fully advised, it is hereby **ORDERED AND ADJDUDGED** that Plaintiff's Motion for Default Judgement [**ECF No. 11**] is **DENIED WITHOUT PREJDUICE**.  Plaintiff shall file its Renewed Motion for Final Default Judgment as to Kash Advance, LLC **no later than June 27, 2025**.  Plaintiff shall also file a well-supported proposed order, containing a discussion of the applicable law and facts admitted by virtue of Defendant Kash Advance, LLC's default and proposed default judgment.  These proposed orders must be emailed to the Court in a Word document but also filed on the public docket as attachments to the motion.  Failure to comply with this Order may result in dismissal of this case without further notice.

**DONE AND ORDERED** in the Southern District of Florida on June 6, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record